UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELECTRICAL WORKERS BENEFIT | ) | |
| TRUST FUND, individually, and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | 1:06-cv-0502-RLY-TAB |
| | ) | |
| vs. | ) | |
| | ) | |
| PFIZER INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS**

**I.      Introduction**.

This cause is before the Court on Defendant Pfizer's motion for sanctions pursuant to

Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power.  [Docket

No. 20.]  Pfizer contends that Plaintiff's counsel should be sanctioned appropriately, including

compensation for its costs and expenses defending the instant action, for using Federal Rule of

Civil Procedure 41 to engage in "blatant judge shopping."  [*Id*. p. 4.]  Plaintiff opposes this

motion.  [Docket No. 24.]  For the reasons set forth below, Pfizer's motion is DENIED.

**II.      Discussion**.

Rule 11 provides for sanctions when claims are frivolous or are brought for an improper

purpose.  Fed. R. Civ. P. 11.  Sanctions are available under 28 U.S.C. § 1927 where an attorney

"multiplies the proceedings . . . unreasonably and vexatiously."  *U.S. Bank National Association,*

*N.D., v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) (*quoting* 28 U.S.C. § 1927).  In this

case, Pfizer contends that Plaintiff's filings of the factually similar lawsuit in six jurisdictions

and subsequent withdrawal after each case was assigned a judge was for the sole and improper

purpose of judge shopping.  [Docket Nos. 20, 25.]  Thus, Pfizer contends that Plaintiff used Rule

41 to improperly circumvent the random judicial selection process and in doing so

"unreasonably and vexatiously" multiplied these proceedings.  [*Id.*]

Plaintiff asserts that its use of Rule 41 was a proper strategic decision to avoid the costs

of a protracted dispute regarding application to a multidistrict litigation panel, which Pfizer

indicated it would contest.  [Docket No. 24.]  While the Court is not inclined to embrace

Plaintiff's litigation strategy, the record is insufficient to undermine the veracity of Plaintiff's

stated reason for its Rule 41 filing.  Pfizer has failed to proffer any evidence showing that

Plaintiff considered or had reason to consider the Illinois judge more favorable than the judges

assigned to the other five cases it filed in other jurisdictions.

Moreover, this Court already has determined that Plaintiff's voluntary dismissal under

Rule 41 was proper.  [Docket No. 19.]  There is no reason to disturb that determination.

Plaintiff's Rule 41 motion was neither improper nor did it unreasonably and vexatiously multiply

these proceedings.  Pfizer's plausible theory notwithstanding, the Court declines to award

sanctions.

## III.     Conclusion.

This Court approved Plaintiff's voluntary withdrawal of its complaint.  Plaintiff's Rule

41 motion was not improper.  Accordingly, Defendant's motion for sanctions [Docket No. 20] is

denied.

Date:   08/11/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies:

Thomas G. Stayton
Byron K. Mason
J. Stephen Bennett
BAKER & DANIELS LLP
tom.slayton@bakerd.com
byron.mason@bakerd.com
stephen.bennett@bakerd.com

Hugh G. Baker
BAKER PITTMAN & PAGE
hbaker@bpp-law.com